**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO.:**

LORI TAVIO, an individual,

    Plaintiff,

Vs.

NATIONWIDE RELOCATION SERVICES, INC.
a Florida Corporation and ALDO L. DISORBO, JR.,
Individually,

    Defendants.

_____/

## COMPLAINT

Plaintiff, Lori Tavio, ("Tavio"), by and through her undersigned counsel, files this Complaint against Defendants, NATIONWIDE RELOCATION SERVICES, INC., ("NRS"), a Florida Corporation, and Aldo Disorbo, ("Disorbo") an individual, and states as follows:

## INTRODUCTION

1.    This is a proceeding against NRS and Disorbo for monetary damages to redress the deprivation of rights secured to Plaintiff, Tavio, under the maximum hour provision of Section 7 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 et seq. ("FLSA"), as well as the anti-retaliation provisions of section 15 of the FLSA, as amended, 29 U.S.C. § 215(a)(3).

1

## JURISDICTION

2. The jurisdiction of the Court over this controversy is based on 29 U.S.C. §216(b) and 28 U.S.C. § 1331.

## VENUE

3. The venue of this Court over this controversy is based on the following:

   a. The unlawful employment practice alleged below occurred and/or were committed within Broward County, Florida;

   b. Defendant, NRS, was and continues to be a Florida corporation doing business within the Southern District of Florida; and

   c. Defendant, Disorbo, is a resident of Broward, County Florida.

## PARTIES

4. At all times material hereto, Plaintiff, Tavio, was and continues to be a resident of Broward County Florida.

5. At all times material hereto, Plaintiff, Tavio was an "employee" within the meaning of the FLSA.

6. At all times material hereto, Defendant, NRS, was and continues to be a corporation organized under the laws of the State of Florida.

7. At all times material hereto, Defendant, NRS, was engaged in business at 2000 North State Road 7, Margate, FL 33063, within the Southern District of Florida. Defendant currently engages in business at 2000 North State Road 7, Margate, FL 33063, also within the Southern District of Florida.

8. Further, at all times material hereto, Defendants provide to the public interstate moving services of household goods.

9. At all times material hereto, Defendant NRS is or was an employer authorized to do business and doing business in Florida, with a place of business in Broward County, Florida and at all times relevant was an "employer" with the meaning of § 3(d) of the FLSA, 29 U.S.C. §203(d).

10. At all times material hereto, Defendant, NRS, regularly owned and operated a business engaged in commerce as defined in § 3(r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and § 203(s).

11. At all times material hereto, Plaintiff, Tavio was "engaged in commerce" within the meaning of the FLSA.

12. At all times material hereto, Defendant, NRS, was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

13. At all times material hereto, annual gross revenue of Defendant, NRS, was in excess of $ 500,000.00 per annum during the relevant time periods.

14. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendant.

15. At all times material hereto, Defendant, Disorbo was the President of Defendant NRS, who controlled how Plaintiff was and others were compensated and is therefore an "employer" within the meaning of the FLSA.

## STATEMENT OF FACTS

16. On May 16, 2011, Plaintiff, Tavio, was hired in the capacity of administrative assistant with the Defendants to work in the claims department addressing claims for two of the Defendants' other moving companies. (Moving Squad & All Coast Transporters).

17.  Plaintiff Tavio was paid $45,000 annually based on a 40 hour week and received her paychecks on a weekly basis.

18.  Upon information and belief, the Defendants payroll checks are paid one pay period in arrears.

19.  Plaintiff Tavio worked for the Defendants in the Claims Dept. until on or about June 2011, at which time she was transferred to a different position, as a trainer. Plaintiff Tavio was required to report for duty at 8:30 a.m. Monday through Friday, at the Powerline Road office.  At 3:00 p.m. she was required to report to the Copans Road location, where she continued her clerical office duties until the job was done – sometimes staying until 8:00 p.m. or later.

20.  From May 16, 2011 and continuing through the end of her employment on March 5, 2013, Plaintiff Tavio was also required to work every other Saturday from 10:00 a.m. to 3:00 p.m. and received no compensation for these hours worked even though Tavio had already worked 40 hours in the pay period.

21.  On or about May, 2012, Defendants placed Plaintiff Tavio at the Copans Road location in another clerical position. Plaintiff Tavio continued to work more than 40 hours per week and did not receive any overtime compensation for hours in excess of 40 per week.

22.  From May 16, 2011 and continuing through the end of her employment in March 5, 2013,  Plaintiff routinely worked between 5 and 20 overtime hours on any given week. However, the Defendants would not pay any overtime compensation if an employees' hours exceeded 40 for the pay period.  For example, if Plaintiff Tavio worked 48 hours in one week, then the Defendants would simply pay Plaintiff for 40 hours at

straight time, rather than paying the employee for 8 hours of overtime at the premium rate as mandated by the FLSA.

23. Defendants also did not compensate employees who worked through lunch. Defendant automatically deducted one hour off for the lunch period off the clock every day when no break was taken, and failed to maintain accurate and adequate time records as mandated by section 11 of the FLSA.

24. Plaintiff Tavio alleges that the workplace became increasingly violent after the initial request for explanation of why overtime hours were not being paid.

25. Plaintiff realized that she was being shorted on her overtime pay, when the Defendants deducted her paycheck for taking a day off. Plaintiff Tavio raised the issue with the Defendants' employee, Chania Ulysse (Plaintiff Tavio's Floor Manager) who would tell her that she was not entitled to it. Plaintiff Tavio then inquired with an attorney to verify the legality of the deduction, and Plaintiff Tavio learned that she is entitled to receive pay for overtime hours worked, and that the Defendants' practice of short changing their employees' overtime hours by not paying overtime for those hours worked in excess of 40 in a pay period was commonplace and the way the Defendants conducted their business.

26. Plaintiff continually complained to the Defendants, including filing an internal complaint with Paula Webster, Human Resource Specialist on February 27, 2013; and then again on February 28, 2013 with Maria Bottone, Human Resource Specialist, advising them of not only the non-payment of overtime compensation, but also the harassment and violence in the office that was taking place because of the initial complaint involving non-payment of overtime.

27. On March 1, 2013 Plaintiff then filed a formal complaint in writing, with the Defendants. In response, the Defendants advised Plaintiff that she had in fact been misclassified and would be paid her overtime. However, Plaintiff was fired days later on March 5, 2013.

28. Subsequently, through counsel, the Plaintiff requested copies of time and pay records to determine how much overtime the Plaintiff was owed, and despite promises that the documentation would be provided, the Defendants refused to provide said information.

29. Defendants have and continue to violate Title 29 U.S.C. § 207, from the date Plaintiff, Tavio was hired until her termination and currently, in that Plaintiff, worked in excess of the maximum hours provided by the FLSA and was not paid at a rate of time and one-half the hourly rate for all overtime hours worked, in excess of 40 hours per pay period.

30. Notwithstanding the fact that Defendants, NRS and Disorbo, had knowledge regarding their obligation to pay the Plaintiff overtime compensation, as evidenced by Plaintiff's complaints, Defendants willfully continued to violate Title 29 U.S.C. § 207, by failing to properly pay overtime compensation. Furthermore, Defendants have been repeatedly sued for violations of the FLSA and were thus well aware of the FLSA's overtime requirements.

31. Such continuing conduct by the Defendants, NRS and Disorbo, evidences a willful decision by the Defendants and their agents to violate the overtime provisions of the FLSA. At no time did the Defendants, NRS or Disorbo, have reasonable grounds for believing that their acts and/or omissions were not a violation of the FLSA.

32. Plaintiff has retained the Law Firm of Michael A. Pancier, P.A., to represent her and all individuals all similarly situated in this litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I

### VIOLATION OF 29 U.S.C. §§ 206, 207
### OVERTIME COMPENSATION ON BEHALF OF LORI TAVIO

33. Plaintiff, Tavio, realleges and reavers paragraphs 1 through 32 of this Complaint as if fully set forth herein.

34. Plaintiff, Tavio, was entitled to be paid at the rate of time and one-half of her effective hourly rate for the hours that she worked in excess of the maximum hours provided for in the FLSA.

35. Due to intentional, willful, and unlawful acts of Defendants, NRS, and Disorbo, Plaintiff, Tavio, has suffered damages in lost compensation for the time she worked over forty (40) hours per week without receiving overtime compensation, plus liquidated damages.

36. From May 16, 2011 through March 5, 2013, the end of her employment, upon information and belief, Plaintiff, Tavio, worked an average of 5 overtime hours per week for the first 47 week period, and 10 overtime hours per week for the second 47 week period. This equals $ 22,873.73 in unpaid overtime plus an equal amount as liquidated damages or $ 45,747.46.[1]

37. Plaintiff, Tavio, is entitled to an award of her reasonable attorneys' fees and cost pursuant to 29 U.S.C. § 216(b).

---

[1] The calculations are as follows: $ 45,000 ÷ 52 weeks = $ 865.38 per week. $ 865.38 ÷ 40 = $ 21.63  Thus, unpaid overtime equals: (5 OT Hours x $ 21.63 x 47 weeks x 1.5) + (10 OT Hours x $ 21.63 x 47 weeks x 1.5) = ($ 7,624.58 + $ 15,249.15) = **$ 22,873.73**

**WHEREFORE,** Plaintiff, Tavio, respectfully request that judgment be entered in her favor against Defendants, NRS and Disorbo:

    a.    Declaring, pursuant to 28 U.S.C. §2201 and 2202, that the acts and practices complained of herein are in violation of the minimum wage and maximum hour provisions of the FLSA;

    b.    Awarding Plaintiff overtime compensation in the amount of **$22,873.73** and an equal amount as liquidated damages totaling **$22,873.73** in unpaid overtime;

    c.    Awarding the Plaintiff reasonable attorneys' fees, costs, and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

    d.    Awarding Plaintiff post judgment interest and;

    e.    Ordering any other relief that this Court deems just and proper.

## COUNT II

### RETALIATORY DISCHARGE UNDER 29 U.S.C. § 215(a)(3)

38.    Plaintiff, Tavio, realleges and reavers paragraphs 1 through 32 of this Complaint as if fully set forth herein.

39.    Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3), makes it unlawful for any person "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

40.    The Eleventh Circuit has adopted a broad construction of the FLSA's anti-retaliation and holds that unofficial complaints expressed by employees to their employer

constitute an assertion of rights protected under the statute. *See e.g., Hankins v. AirTran Airways, Inc.,* 237 Fed. Appx. 513 (11th Cir. 2007); E.*E.O.C. v. White and Son Enterprises, 8*81 F.2d 1006 (11th Cir. 1989).

41.     Plaintiff continually complained to the Defendants about their unlawful pay practices which violate the FLSA. Specifically, Plaintiff advised the Defendants that it was a violation of the FLSA to deny her compensation for overtime hours worked.

42.     In response to Plaintiff's Complaints regarding the Defendants' non-compliance of compensating overtime pay, especially the formal complaint made through the proper Human Resources channels, the Defendants terminated the Plaintiff's employment while acknowledging that they owed the Plaintiff overtime and that her position had been misclassified as an exempt position.

43.     Defendants' retaliatory conduct violated section 15(a)(3) of the FLSA.

44.     As a direct and proximate consequence of Defendants' intentional, unlawful, and discriminatory employment policies and practices, Plaintiff, Tavio, has suffered, and continues to suffer, monetary damages including, but not limited to, a loss of income, including past wages, and future wages.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants:

    a.     Declaring, pursuant to 29 U.S.C. §§ 2201 and 2202, that the acts and practices complained of herein are in violation of the anti-retaliation provisions of the FLSA;

    b.     Awarding Plaintiff backpay, and front pay;

    c.     Awarding Plaintiff liquidated damages;

    d.     Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

  e.  Awarding Plaintiff post-judgment interest; and

  f.  Ordering any other further relief the Court deems just and proper.


## JURY DEMAND

Plaintiff demands trial by jury.


Dated: May 13, 2013

        Respectfully submitted,

        Law Offices of Michael A. Pancier, P.A.,
        **Attorneys for Plaintiff**
        9000 Sheridan Street, Suite 96
        Pembroke Pines, FL 33024
        TEL: (954) 862-2217
        FAX: (954) 862-2287


         /s/ Michael A. Pancier, Esq.
         Michael A. Pancier, Esq.
         Fla. Bar No. 958484